[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 1 and 5, 1995 the court received evidence and heard argument on the defendant's motion for pendente lite alimony (#105). Based on the testimony and the exhibits introduced at that hearing and the parties' financial affidavits, the court makes the following findings:
1. The defendant has an earning capacity in secretarial/clerical work of approximately $8.00 per hour which, even on a part-time basis (20 hours), would provide her with a gross weekly income of $160. Her reasonable and necessary weekly expenses, excluding an allowance for rent and including funds for payment of pending medical bills, do not exceed $350. At the time of the hearing in this matter the defendant was living with her parents and had been doing so for close to one month, and there was no evidence that such a living arrangement could not continue while this matter is pending.
2. The plaintiff's reasonable and necessary weekly expenses, excluding an allowance for rent and certain other expenses, do not exceed $850. For several years the plaintiff and the defendant had lived rent-free in the same premises occupied by the plaintiff at the time of the hearing, which premises are owned by his father or by a business entity solely controlled by his father. No evidence was introduced to indicate a need for rental payments by the plaintiff for those premises; e.g., to cover an outstanding mortgage on the premises.
3. The plaintiff's current net weekly income, based on his financial affidavit, is $1,026. Based on past experience, there exists a potential for the plaintiff to receive additional income from his employer, a business entity solely controlled by his father, during 1995. CT Page 11301
4. The plaintiff has sole legal and physical custody of the parties' two minor children and has not requested and does not receive child support from the defendant.
5. According to his financial affidavit, the plaintiff's only liquid asset consists of bank accounts which he is holding for the benefit of his two minor children.
Based on these findings and the court's assessment of the credibility of the witnesses, and applying the factors in §46b-82, C.G.S., except the grounds for the complaint, as required by § 46b-83, C.G.S., the court enters the following orders:
1. The defendant's motion for alimony (#105) is granted, and the plaintiff is ordered to pay her alimony in the amount of $175 weekly, retroactive to August 29, 1995.
2. The plaintiff is enjoined from using for the payment of current expenses the two bank accounts shown on his financial affidavit of September 1, 1995 as being held for the benefit of his two minor children.
3. The plaintiff shall make an immediate report to the defendant's counsel of any income of whatever nature he receives from his employer over and above his weekly wage as shown on his financial affidavit of September 1, 1995. This obligation shall continue throughout the pendency of this dissolution action. Within one week of receiving his form W-2 for 1995, the plaintiff shall provide a copy of that form to the defendant through her counsel.
SHORTALL, J.